IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-473-BO

| | | |
|---|---|---|
| UNITED STATES TOBACCO COOPERATIVE, *et al.*, | ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | ORDER |
| UNITED STATES OF AMERICA | ) ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to dismiss. Plaintiffs have responded, defendant has replied, and a hearing on the motion was held before the undersigned on July 17, 2019. In this posture, the motion is ripe for ruling and, for the reasons that follow, the motion is denied.

## BACKGROUND

Plaintiffs instituted this action by filing a complaint on October 1, 2018. [DE 1]. The complaint alleges that the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) stood watch while its informants Jason Carpenter and Christopher Small engineered a scheme to seal approximately $24 million from U.S. Tobacco Cooperative's farmers, which Small and Carpenter perpetrated by leveraging their employment with ATF to sell to plaintiffs an ATF-front operation as though it was a standard commercial tobacco business and then deprive plaintiffs of millions of dollars through self-dealing sales of contraband cigarettes that Carpenter and Small received from ATF. Compl. ¶ 2, § IV. Plaintiffs contend that ATF permitted Carpenter and Small to steal from plaintiffs through these self-dealing transactions, that Carpenter and Small's ill-gotten gains were deposited in an illegal ATF slush fund, and that ATF fought for years to keep its wrongdoing

secret. Compl. §§ V-VII. Plaintiffs have alleged claims under the Federal Tort Claims Act for negligent supervision, negligence, and conversion under North Carolina law.

DISCUSSION

The United States has moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for plaintiffs' failure to present their claims to the United States within two years of accrual. A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the facts alleged must allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of misconduct. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 256 (4th Cir. 2009). As is relevant here, the merits of an affirmative defense, such as a statute of limitations defense, may only be reached on a 12(b)(6) motion where all of the facts necessary "clearly appear on the face of the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (citing *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir.1993)).

Generally, a court considers only the pleadings when deciding a motion filed under Rule 12(b)(6). A court may also consider information in the public record when reviewing a motion to dismiss pursuant to Rule 12(b)(6), *Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004), as well as any documents attached to or integral to the complaint. *Philips v. Pitt Cnty. Mem'l Hosp.*, 572

2

F.3d 176, 180 (4th Cir. 2009); *see also Am. Chiropractic Assoc. v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

The Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, represents a limited waiver of the United States' sovereign immunity for "torts committed by its employees while acting within the scope of their official duties . . .." *Gould v. U.S. Dep't of Health & Human Servs.*, 905 F.2d 738, 741 (4th Cir. 1990). The FTCA's statute of limitations provides that "[a] tort claim shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues...." 28 U.S.C. § 2401(b). A tort claim accrues for purposes of the statute of limitations when the plaintiff possesses "the critical facts that he has been hurt and who has inflicted the injury." *United States v. Kubrick*, 444 U.S. 111, 122 (1979). The plaintiff needed not be aware, however, that his injury was inflicted negligently in order for his claim to accrue. *Id.* at 123. Moreover, "[t]he statute of limitations under the FTCA commences to run from the date of accrual and does not wait until a plaintiff is aware that an alleged tort-feasor is a federal employee." *Gould*, 905 F.2d at 745. Finally, the FTCA statute of limitations is not jurisdictional and is subject to equitable tolling. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1638 (2015).

Plaintiffs allege that they have exhausted their administrative claim against the United States. Plaintiffs have attached their administrative claim dated October 30, 2017, [DE 1-1], as well as three denial letters, each date stamped April 2, 2018, relating to their FTCA administrative claims seeking $24,038,831 in property damage to their complaint. [DE 1-2]. The United States contends that plaintiffs' claims are barred by the two-year FTCA limitations period because plaintiffs' claims accrued more than two years prior to October 2017. Specifically, the United States contends that plaintiffs' claims accrued not later than July 23, 2013, the date on which plaintiffs filed a separate complaint against Carpenter, Small, and related other defendants in this

3

Court. *See U.S. Tobacco Coop., Inc. v. Big South Wholesale of Virginia, LLC*, No. 5:13-CV-527-BO (E.D.N.C. July 23, 2013).

Plaintiffs' complaint, however, plausibly alleges that their claims were timely presented to ATF in October 2017 and that, alternatively, plaintiffs are entitled to equitable tolling of the statute of limitations due to ATF's active concealment of facts material to plaintiffs' FTCA claim despite plaintiffs' diligent efforts to pursue their rights. *See* Compl. ¶¶ 83-95. Plaintiffs allege that, while they discovered Carpenter and Small's scheme in the spring of 2013, they did not learn until March 22, 2016, that ATF's negligent supervision of Carpenter and Small and its negligent handling of the management account caused their injuries. *Id.* ¶ 84. Plaintiffs further allege that after they filed suit against Carpenter and Small in 2013, ATF frustrated their discovery efforts by instructing Carpenter and Small not to disclose any details of their involvement with law enforcement, deploying contradictory positions on the questions of whether ATF approved Carpenter and Small's use of the management account, and taking inconsistent positions on whether ATF reconciled the management account. *Id.* ¶¶ 88, 90, 93.

The government's argument in support of its motion is based almost exclusively on references to the case that plaintiffs filed in 2013 against Carpenter and Small. While the Court may certainly take judicial notice of the fact that the filings in that case occurred, *see Nolte v. Capital One Fin. Corp.*, 390 F.3d 311, 317 n.* (4th Cir. 2004), it may not, in this posture, rely almost exclusively on documents beyond the complaint, including legal memoranda filed in a separate action, to decide the motion to dismiss. *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 511 (4th Cir. 2015).

Plaintiffs' allegations are that Special Agent Thomas Lesnak and other ATF agents negligently supervised their confidential informants and engineered a scheme to steal roughly $24

million from plaintiffs. Plaintiffs' allegations plausibly support that, while they knew they were injured in 2013, they did not know who had injured them – ATF agents and supervisors – until 2016. Plaintiffs have further plausibly alleged that ATF went to great lengths to conceal their involvement in plaintiffs' injuries such that equitable tolling of the statute of limitations would be appropriate. The United States has raised its statute of limitations defense under Rule 12(b)(6), but plaintiffs' plausible allegations demonstrate that dismissal at this stage on the basis of untimeliness in not warranted. Whether plaintiffs' claims are, in fact, timely or subject to equitable tolling, may be resolved at the summary judgment stage after discovery has been completed.

## CONCLUSION

Accordingly, the government's motion to dismiss [DE 29] is DENIED.

SO ORDERED, this __7__ day of August, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE