IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CV-473-BO

| | |
|---|---|
| UNITED STATES TOBACCO COOPERATIVE, )<br>*et al.*, )<br>               Plaintiffs, )<br>v. )<br> )<br>UNITED STATES OF AMERICA, )<br>               Defendant. ) | ORDER |

This cause comes before the Court on defendant's motion for reconsideration of the Court's order denying its motion to dismiss, as well as defendant's motion for stay or an extension of time to file a responsive pleading and motion to stay discovery. Plaintiffs have filed a motion to compel a Fed. R. Civ. P. 26(f) conference and a motion to strike defendant's reply to plaintiffs' response to defendant's motion for reconsideration. Finally, defendant has moved for leave to file excess pages in its reply to its motion for reconsideration.

## BACKGROUND

The Court incorporates by reference as if fully set forth herein the factual and procedural background as recited in its order denying defendant's motion to dismiss. [DE 36]. Defendant, the United States, has asked the Court to reconsider the denial of its motion to dismiss, and has filed motions to delay the progression of the case until the motion for reconsideration is decided. Plaintiffs, for their part, seek to expedite commencement of discovery and for the case to move ahead.

DISCUSSION

Rule 54(b) of the Federal Rules of Civil Procedure provides that a court may revise any order entered prior to entry of final judgment. The decision to do so lies within the discretion of the court, which is not bound by the strict standards applicable to requests to reconsider final judgment, but which should be guided by the principles of the doctrine of law of the case. *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003). "Thus, a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017) (internal quotation, alterations, and citation omitted) (noting similarity of this standard to that applicable to Rule 59(e) motions, except that law-of-the-case standard allows for new evidence discovered during litigation as opposed to evidence not available at trial to serve as basis for reconsideration motion). Motions to reconsider interlocutory orders are "disfavored and should be granted sparingly." *Wootten v. Commonwealth of Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (internal quotation and citation omitted).[1]

No new evidence has been presented nor does the United States argue that there has been a change in applicable law. Thus, it contends that the Court committed a clear error causing manifest injustice when it denied the Rule 12(b)(6) motion. To demonstrate that a court committed a clear error which would result in manifest injustice, the decision must be "dead wrong," not "just maybe or probably wrong; it must ... strike [the court] as wrong with the force of a five-week-old,

---

[1] The Court has considered the reply brief filed by the United States to its motion for reconsideration, and it declines to strike the reply brief in whole or in part for violating the Court's Local Civil Rule regarding page limitations. Plaintiffs' motion to strike [DE 53] is therefore DENIED. The United States' motion for leave to file excess pages [DE 56] is GRANTED.

2

unrefrigerated dead fish." *TFWS, Inc. v. Franchot*, 572 F.3d 186, 194 (4th Cir. 2009) (quoting *Bellsouth Telesensor v. Info Sys. & Networks Corp.*, 1995 WL 520978, *5 n. 6 (4th Cir. 1995)).

The United States argues that the Court failed to address its argument that the conduct plaintiffs allege, which occurred in Virginia, cannot support the claims plaintiffs have raised under North Carolina law; that the Court misapplied the holding in *United States v. Kubrick*, 444 U.S. 111 (1979); that the Court should have accepted the government's request to take judicial notice of prior proceedings; and that the Court erred in applying equitable tolling based on plaintiff's argument that they did not know how ATF was negligent.

As to the United States' first argument, the United States noted in one sentence of its reply to the response to its motion to dismiss that plaintiffs "pled negligent actions in Virginia, and, perhaps, in Washington, DC that do not support FTCA negligence claims specifically pled under North Carolina tort law." [DE 32 at 1]. The United States failed to raise this argument in its motion to dismiss, nor did it expound upon it beyond one sentence in its reply brief. This is insufficient to raise an argument for the Court's consideration, *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396 n.* (4th Cir. 2014); *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994), and the Court will not now consider it for the first time on a motion for reconsideration. *See Wootten*, 168 F. Supp. 3d at 893. Nor will the Court consider the United States' passing mention of the discretionary function exception to the FTCA, noted on page ten of its brief in support of reconsideration [DE 48 at 10 n.6], as this issue was not raised in the motion to dismiss.

The United States amply presented its arguments as to the application of *Kubrick*, whether the Court should take judicial notice of filings in prior litigation, and whether equitable tolling should apply when presenting its motion to dismiss. The Court considered those arguments and

3

ruled as it did. Importantly, the Court was presented with a motion under Rule 12(b)(6), which limited its consideration of the United States' timeliness defense to what was presented on the face of plaintiffs' complaint, and the Court determined that relying almost exclusively on allegations in prior litigation to decide the motion would be improper prior to allowing the parties to engage in discovery. *See, e.g., Waugh Chapel S., LLC v. United Food & Commercial Workers Union Local 27*, 728 F.3d 354, 360 (4th Cir. 2013). At bottom, the United States asks the Court "to rethink what the Court ha[s] already thought through – rightly or wrongly." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983). That simply fails to satisfy the applicable standard, and the motion for reconsideration is denied.[2]

In light of the Court's ruling on the motion for reconsideration and the current posture of the case, the Court denies without prejudice plaintiffs' motion to compel the United States to participate in a Rule 26(f) conference. [DE 38]. The United States' motion to stay discovery pending the Court's ruling on its motion for reconsideration [DE 45] is denied as moot.

## CONCLUSION

Accordingly, for the foregoing reasons, the motion for reconsideration [DE 47] is DENIED. The motion to stay or for extension of time to file a responsive pleading [DE 40] is GRANTED IN PART. The United States may file its responsive pleading not later than November 22, 2019. The motion to compel [DE 38] is DENIED WITHOUT PREJUDICE. The motion to

---

[2] The Court notes that the United States appears to again make a passing reference in its motion, this time to certification of an interlocutory appeal. Although the United States cites to 28 U.S.C. § 1292(b) on its first page of argument in support of its motion for reconsideration, [DE 48 at 4], it neither provides the standard for certifying an interlocutory appeal nor does it make any argument in support of a request for certification of an interlocutory appeal. Accordingly, the Court declines to consider any request, insofar as one has been made, for certification of an interlocutory appeal.

4

stay discovery [DE 45] is DENIED AS MOOT as this case shall now proceed. The motion to strike [DE 53] is DENIED and the motion for leave to file excess pages [DE 56] is GRANTED.

SO ORDERED, this __7__ day of November, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE